**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4049**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JORDAN LEE MOORE,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:17-cr-00181-RJC-DCK-1)

Submitted: July 23, 2020                       Decided: July 28, 2020

Before WILKINSON, MOTZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jordan Lee Moore appeals the district court's judgment revoking his supervised release and sentencing Moore to six months' imprisonment, followed by an additional two-year term of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court imposed a plainly unreasonable sentence. Although advised of his right to file a supplemental pro se brief, Moore has not done so. We affirm.

We review the district court's revocation of supervised release for abuse of discretion. *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2018). In light of Moore's admission of the alleged violations of the terms of his supervised release, we find no abuse of discretion in the revocation of his supervised release.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable where, as here, the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2018) factors. *United States v. Slappy*, 872 F.3d 202,

207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e) (2018). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable do we consider whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007). We conclude that Moore's six-month term of imprisonment and his two-year term of supervised release are within both the statutory maximum and the policy statement range and are not unreasonable, plainly or otherwise.

In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious issues for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*